IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, *et al.* | ) ) ) ) ) | CIVIL ACTION |
| Plaintiffs, | ) ) | NO. 09 C 2128 |
| v. | ) ) | JUDGE JOHN W. DARRAH |
| G. & C. CONSTRUCTION & SEALANTS, INC., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO ENFORCE THE TERMS OF A
CONSENT DECREE AND SETTLEMENT AGREEMENT
AND ENTER JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, CHICAGO AREA JOINT WELFARE COMMITTEE FOR THE POINTING, CLEANING AND CAULKING INDUSTRY, LOCAL 52, *et al.*, by their attorneys, and move the Court for the entry of an order enforcing the terms of a Consent Decree and Settlement Agreement entered into by the Court on February 26, 2010. In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Tuckpointers Local 52 Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the applicable collective bargaining agreement and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf

by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On February 26, 2010, this Court entered the Consent Decree and Settlement Agreement incorporating the terms for settlement agreed to by the parties (a copy of the Consent Decree and Settlement Agreement is attached as Exhibit "A").

3. Defendant acknowledged that it owed the total amount of $75,928.80, with interest on the declining balance at the rate of 3.25% (the current prime rate) per year, for liquidated damages and interest incurred for January 2008 through December 2009 and court costs and attorneys' fees incurred through January 31, 2010, as described in the Settlement Agreement.

4. Defendant also acknowledged that if it failed to timely make any of the payments to the Funds as set forth in the Settlement Agreement, failed to timely report and pay its regular monthly contributions to the Funds during the course of the repayment schedule, or otherwise failed to comply with the Settlement Agreement, it would be considered in breach of the Settlement Agreement. Upon breach of the Settlement Agreement, any payments remaining due pursuant to the payment schedule, and all costs and attorneys' fees incurred after January 31, 2010 to collect such amounts or enforce the Settlement Agreement, shall become immediately due and owing, and Defendant agreed to allow the Court to enter judgment against it upon a motion by the Funds to enforce the Consent Decree.

5. Defendant agreed to make payment to Plaintiffs of $75,928.80, with interest on the declining balance at the 3.25% (the current prime rate) per year, pursuant to the following schedule:

| Date Due | Payment Due | Interest (3.25%) | Balance Due |
|---|---:|---:|---:|
| 03/01/10 | $6,500.00 | $205.64 | $69,634.44 |
| 04/01/10 | $6,500.00 | $188.59 | $63,323.03 |
| 05/01/10 | $6,500.00 | $171.50 | $56,994.53 |
| 06/01/10 | $6,500.00 | $154.36 | $50,648.89 |
| 07/01/10 | $6,500.00 | $137.17 | $44,286.07 |
| 08/01/10 | $6,500.00 | $119.94 | $37,906.01 |
| 09/01/10 | $6,500.00 | $102.66 | $31,508.67 |
| 10/01/10 | $6,500.00 | $85.34 | $25,094.01 |
| 11/01/10 | $6,500.00 | $67.96 | $18,661.97 |
| 12/01/10 | $6,500.00 | $50.54 | $12,212.51 |
| 01/01/11 | $6,500.00 | $33.08 | $5,745.59 |
| 02/01/11 | $5,733.26 | $15.56 | $0.00 |
| **Totals** | $77,233.26 | $1,332.35 | |

6. Nothing in the Settlement Agreement limits the rights of the Funds to examine the payroll books and records of Defendant for any unaudited period in order to determine Defendant's compliance with its contribution obligations, nor do the terms of the Settlement Agreement limit or modify the Funds' right to recover from Defendant any additional amounts which may become due or which may be found to have been due as a result of such an audit.

7. Although under no obligation to do so, on March 24, 2010, Plaintiffs' counsel wrote to Defendant's counsel regarding the failure of the Defendant to abide by the terms of the Settlement Agreement giving Defendant until April 1, 2010 to become current in its obligations under the Settlement Agreement (a copy of the March 24, 2010 letter from Plaintiffs' counsel to Defendant's counsel is attached hereto as Exhibit "B").

8. Defendant has not submitted any installment payments due pursuant to the terms of the Settlement Agreement. Accordingly, the payments due on March 1, 2010 and April 1, 2010 are now past due and Defendant is in breach of the Settlement Agreement.

9. In addition, Defendant is in breach of the Settlement Agreement because it has not submitted its monthly fringe benefit contribution reports and contributions for the contribution months of January 2010 through the present date.

10. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order enforcing the terms of the Consent Decree and Settlement Agreement and entering judgment against the Defendant. Specifically, Plaintiffs request:

A. That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $77,233.26, being the total amount remaining due for liquidated damages, interest, costs and attorneys' fees for the time period January 2008 through December 2009 pursuant to the Settlement Agreement.

B. That judgment be entered in favor of Plaintiffs and against Defendant to include the additional sum of $821.25 for attorneys' fees incurred by the Plaintiffs since January 31, 2010, including the preparation of the instant motion and an estimated one (1) hour of attorneys' fees to appear for the hearing on the instant motion to reopen to enforce the Consent Decree and Settlement Agreement (see Affidavit of Catherine M. Chapman).

C. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/ Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\52J\G & C\#21591\motion to enforce consent decree.pnr.df.wpd

# CERTIFICATE OF SERVICE

       The undersigned, an attorney of record, hereby certifies that on or before the hour of 5:00 p.m. this 14th day of April 2010, he electronically filed the foregoing document (Motion) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

        Mr. Todd A. Miller
        Ms. Kathleen M. Cahill
        Allocco Miller & Cahill
        3409 N. Paulina Street
        Chicago, IL 60657
        toddamiller@rcn.com

                    /s/ Patrick N. Ryan

Patrick N. Ryan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Bar No.: 6278364
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: pryan@baumsigman.com

I:\52J\G & C\#21591\motion to enforce consent decree.pnr.df.wpd